UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-80203-Cr-DIMITROULEAS/MATTHEWMAN(s)
21 U.S.C. § 841
21 U.S.C. § 846
18 U.S.C. § 2
18 U.S.C. § 924(c)

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JOHNNY CLYDE BENJAMIN, JR.,
ZACHARY STEWART, and
KEVAN GEORGE SLATER,

    Defendants.
_____/



FILED by SP D.C.

MAR - 6 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES THAT:**

### COUNT 1

From in or around March 2016, through on or about September 3, 2016, in Palm Beach County, in the Southern District of Florida and elsewhere, the defendants,

**JOHNNY CLYDE BENJAMIN, JR.,
ZACHARY STEWART,
and
KEVAN GEORGE SLATER,**

did knowingly and willfully combine, conspire, confederate and agree with each another,

and with persons both known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged the controlled substance involved in this offense was a mixture and substance containing a detectable amount of furanyl fentanyl, a controlled substance analogue as defined in Title 21, United States Code, Section 802(32)(A), that was intended for human consumption, as provided in Title 21, United States Code, Section 813.

It is further alleged pursuant to Title 21, United States Code, Section 841(b)(1)(C), that death resulted to M.C. from the use of such substance on or about September 1, 2016.

### COUNT 2

Between on or about August 29, 2016, and on or about September 1, 2016, in Palm Beach County, in the Southern District of Florida and elsewhere, the defendants,

**JOHNNY CLYDE BENJAMIN, JR.,
ZACHARY STEWART,
and
KEVAN GEORGE SLATER,**

did knowingly and intentionally distribute a controlled substance to M.C., in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged the controlled substance involved in this offense was a mixture and substance containing a detectable amount of furanyl fentanyl, a controlled substance analogue as defined in

Title 21, United States Code, Section 802(32)(A), that was intended for human consumption, as provided in Title 21, United States Code, Section 813.

It is further alleged pursuant to Title 21, United States Code, Section 841(b)(1)(C), that death resulted to M.C. from the use of such substance on or about September 1, 2016.

## COUNT 3

Between on or about October 5, 2017, through on or about October 6, 2017, in Indian River County, in the Southern District of Florida and elsewhere, the defendant,

**JOHNNY CLYDE BENJAMIN, JR.,**

did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved the attempted possession of a mixture and substance containing a detectable amount of Acetyl Fentanyl.

## COUNT 4

Between on or about October 5, 2017, through on or about October 6, 2017, in Indian River County, in the Southern District of Florida and elsewhere, the defendant,

**JOHNNY CLYDE BENJAMIN, JR.,**

did knowingly possess one or more firearms, to wit, a Diamondback Model DB380, .380 caliber semi-automatic pistol, and a Kel-Tec Model P32, .32 caliber semi-automatic pistol, in furtherance of a drug trafficking crime as set forth in Count 3 above, for which the

defendant may be prosecuted in a court of the United States.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 5

On or about October 12, 2017, in Indian River County, and in the Southern District of Florida, the defendant,

**JOHNNY CLYDE BENJAMIN, JR.,**

did knowingly and intentionally possess with intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged the controlled substance involved in this offense was a mixture and substance containing a detectable amount of Oxycodone.

## COUNT 6

On or about October 12, 2017, in Indian River County, and in the Southern District of Florida, the defendant,

**JOHNNY CLYDE BENJAMIN, JR.,**

did knowingly possess one or more firearms, to wit:

   a.   One (1) Glock Model 43, 9 mm caliber semi-automatic pistol;

   b.   One (1) Smith & Wesson Model SW9F, 9 mm caliber semi-automatic pistol;

   c.   One (1) Ruger Model SR9C, 9 mm caliber semi-automatic pistol;

   d.   One (1) Ruger Model P-94, .40 caliber semi-automatic pistol;

   e.   One (1) Taurus Model PT-58S, .380 caliber semi-automatic pistol;

   f.   One (1) Glock Model 33, .357 caliber semi-automatic pistol;

g.   One (1) Glock Model 19, 9 mm semi-automatic pistol;

h.   One (1) Glock Model 21, .45 caliber semi-automatic pistol;

i.   One (1) Glock Model 37, .45 caliber semi-automatic pistol;

j.   One (1) Taurus Model "Public Defender/Judge," .45/.410 caliber revolver;

k.   One (1) Heckler & Koch Model USP Compact, .40 caliber semi-automatic pistol;

l.   Two (2) SIG-SAUER (SIGARMS) Model P-238, .380 caliber semi-automatic pistols; and,

m.   One (1) Mossberg Model 590, 12 gauge pump-action shotgun

in furtherance of a drug trafficking crime as set forth in Count 5 above, for which the defendant may be prosecuted in a court of the United States.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 7

Between on or about January 19, 2016, and on or about October 21, 2016, in Indian River County, in the Southern District of Florida and elsewhere, the defendants,

**JOHNNY CLYDE BENJAMIN, JR.,
ZACHARY STEWART,
and
KEVAN GEORGE SLATER,**

did knowingly and willfully combine, conspire, confederate and agree with each another, and with other persons both known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged

5

the controlled substance involved in this offense was a mixture and substance containing a detectable amount of Hydrocodone.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged the controlled substance involved in this offense was a mixture and substance containing a detectable amount of Oxycodone.

## CRIMINAL FORFEITURE

1. The allegations contained in Counts 3, 4, 5 and 6 of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 924(c), set forth in Count 4 of this Superseding Indictment, the defendant, JOHNNY CLYDE BENJAMIN, JR., shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to: a Diamondback Model DB380, .380 caliber semi-automatic pistol, Serial No. ZB0176, and a Kel-Tec Model P32, .32 caliber semi-automatic pistol, Serial No. 121226. All pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

3. Upon conviction of the offense in violation of Title 18, United States Code, Section 924(c), set forth in Count 6 of this Superseding Indictment, the defendant, JOHNNY CLYDE BENJAMIN, JR., shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c),

any firearms and ammunition involved in the commission of the offense, including, but not limited to:

    a.    One (1) Glock Model 43, 9 mm caliber semi-automatic pistol, Serial No. ZDW556;

    b.    One (1) Smith & Wesson Model SW9F, 9 mm caliber semi-automatic pistol, Serial No. PAF2094;

    c.    One (1) Ruger Model SR9C, 9 mm caliber semi-automatic pistol, Serial No. 332-53318;

    d.    One (1) Ruger Model P-94, .40 caliber semi-automatic pistol, Serial No. 341-04648;

    e.    One (1) Taurus Model PT-58S, .380 caliber semi-automatic pistol, Serial No. KIJ24572;

    f.    One (1) Glock Model 33, .357 caliber semi-automatic pistol, Serial No. LKS186;

    g.    One (1) Glock Model 19, 9 mm semi-automatic pistol, Serial No. EPC347US;

    h.    One (1) Glock Model 21, .45 caliber semi-automatic pistol, Serial No. NEH158,

    i.    One (1) Glock Model 37, .45 caliber semi-automatic pistol, Serial No. LKU098;

    j.    One (1) Taurus Model "Public Defender/Judge," .45/.410 caliber revolver, Serial No. CX946963;

    k.    One (1) Heckler & Koch Model USP Compact, .40 caliber semi-automatic pistol, Serial No. 26-068681;

    l.    Two (2) SIG-SAUER (SIGARMS) Model P-238, .380 caliber semi-automatic pistols, Serial Nos. 27A063770 and 27A051993; and,

    m.    One (1) Mossberg Model 590, 12 gauge pump-action shotgun, Serial No. R605271.

All pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

*[signature]*
BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

*[signature]*
ROLANDO GARCIA
ASSISTANT UNITED STATES ATTORNEY

*[signature]*
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 17-80203-Cr-Dimitrouleas(s) |
| vs. | **CERTIFICATE OF TRIAL ATTORNEY*** |
| JOHNNY CLYDE BENJAMIN, JR., ZACHARY STEWART, and KEVAN GEORGE SLATER, | |
| Defendants. _____ / | Superseding Case Information: |

**Court Division**: (Select One)

___ Miami      ___ Key West
___ FTL    _X_ WPB    ___ FTP

New Defendant(s)    Yes _X_  No ___
Number of New Defendants    2
Total number of counts    7

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    No
   List language and/or dialect

4. This case will take    6-10    days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                         (Check only one)

   I     0 to 5 days       ___            Petty      ___
   II    6 to 10 days      _X_            Minor      ___
   III   11 to 20 days     ___            Misdem.    ___
   IV    21 to 60 days     ___            Felony     _X_
   V     61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No)    Yes
   If yes:
   Judge: Dimitrouleas    Case No. 17-80203-Cr-WPD
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?    (Yes or No)    Yes
   If yes:
   Magistrate Case No.    17-8424-WM
   Related Miscellaneous numbers:
   Defendant(s) in federal custody as of    10/20/17
   Defendant(s) in state custody as of
   Rule 20 from the        District of

   Is this a potential death penalty case? (Yes or No)    No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___ Yes _X_ No

JOHN McMILLAN, JR.
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. A5500797

*Penalty Sheet(s) attached                                    REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

Defendant's Name:  JOHNNY CLYDE BENJAMIN, JR.

Case No.:  17-80203-Cr-DIMITROULEAS/MATTHEWMAN(s)

### Count # 1
Conspiracy to Possess with Intent to Distribute a Controlled Substance (Resulting in Death)
Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846

Max. Penalty:  Mandatory Minimum 20 year to maximum life term of imprisonment; maximum fine of $ 1,000,000; 3 years' to life term of supervised release: and, a $100.00 special assessment

### Count # 2
Distribution of a Controlled Substance (Resulting in Death)(Aiding and Abetting)
Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846
Title 18, United States Code, Section 2(b)

Max. Penalty:  Mandatory Minimum 20 year to maximum life term of imprisonment; maximum fine of $ 1,000,000; 3 years' to life term of supervised release: and, a $100.00 special assessment

### Count # 3
Attempted Possession with Intent to Distribute Controlled Substances
Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846

**Max. Penalty**:  0-20 year term of imprisonment; maximum fine of $ 1,000,000; 3 years' to life term of supervised release: and, a $100.00 special assessment.

### Count # 4
Possession of Firearms in Furtherance of a Drug Trafficking Crime
Title 18, United States Code, Sections 924(c)(1)(A)

**Max. Penalty**: 5 year mandatory minimum sentence of imprisonment to maximum life term of imprisonment, consecutive to any penalty imposed upon Count 3 or any other applicable mandatory minimum sentence of imprisonment; maximum fine of $250,000 fine; 0-5 years' supervised release: and, a $100 special assessment.

### Count # 5
Possession with Intent to Distribute Controlled Substances
Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846

**Max. Penalty**: 0-20 year term of imprisonment; maximum fine of $ 1,000,000; 3 years' to life term of supervised release: and, a $100.00 special assessment.

### Count # 6
Possession of Firearms in Furtherance of a Drug Trafficking Crime
Title 18, United States Code, Sections 924(c)(1)(A)

**Max. Penalty**: 5 year mandatory minimum sentence of imprisonment to maximum life term of imprisonment, consecutive to any penalty imposed upon Count 4 or any other applicable mandatory minimum sentence of imprisonment; If convicted on Count 3, a 25 year mandatory minimum sentence of imprisonment to maximum life term of imprisonment, consecutive to any penalty imposed upon Count 4; maximum fine of $250,000 fine; 0-5 years' supervised release: and, a $100 special assessment.

### Count # 7
Conspiracy to Possess with Intent to Distribute a Controlled Substance
Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846

**Max. Penalty**: 0-20 year term of imprisonment; maximum fine of $ 1,000,000; 3 years' to life term of supervised release: and, a $100.00 special assessment.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

Defendant's Name: __ZACHERY STEWART__

Case No.: ____17-80203-Cr-DIMITROULEAS/MATTHEWMAN(s)____

### Count # 1
Conspiracy to Possess with Intent to Distribute a Controlled Substance (Resulting in Death)
Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846

Max. Penalty:   Mandatory Minimum 20 year to maximum life term of imprisonment; maximum fine of $ 1,000,000; 3 years' to life term of supervised release: and, a $100.00 special assessment

### Count # 2
Distribution of a Controlled Substance (Resulting in Death)(Aiding and Abetting)
Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846
Title 18, United States Code, Section 2(b)

Max. Penalty:   Mandatory Minimum 20 year to maximum life term of imprisonment; maximum fine of $ 1,000,000; 3 years' to life term of supervised release: and, a $100.00 special assessment

### Count # 7
Conspiracy to Possess with Intent to Distribute a Controlled Substance
Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846

**Max. Penalty**:   0-20 year term of imprisonment; maximum fine of $ 1,000,000; 3 years' to life term of supervised release: and, a $100.00 special assessment.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

Defendant's Name: __KEVAN GEORGE SLATER__

Case No.: ____17-80203-Cr-DIMITROULEAS/MATTHEWMAN(s)____

### Count # 1
Conspiracy to Possess with Intent to Distribute a Controlled Substance (Resulting in Death)
Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846

Max. Penalty: Mandatory Minimum 20 year to maximum life term of imprisonment; maximum fine of $ 1,000,000; 3 years' to life term of supervised release: and, a $100.00 special assessment

### Count # 2
Distribution of a Controlled Substance (Resulting in Death)(Aiding and Abetting)
Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846
Title 18, United States Code, Section 2(b)

Max. Penalty: Mandatory Minimum 20 year to maximum life term of imprisonment; maximum fine of $ 1,000,000; 3 years' to life term of supervised release: and, a $100.00 special assessment

### Count # 7
Conspiracy to Possess with Intent to Distribute a Controlled Substance
Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846

**Max. Penalty**: 0-20 year term of imprisonment; maximum fine of $ 1,000,000; 3 years' to life term of supervised release: and, a $100.00 special assessment.