UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

      Plaintiff

                             CASE NO. 17-80203-CR-WPD

vs.

JOHNNY CLYDE BENJAMIN, JR.,

      Defendant

_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove [his] [her] innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

5

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

9

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with a Codefendant in exchange for [his] [her] testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

14

You must consider some witnesses' testimony with more caution than others.

For example, a witness may testify about events that occurred during a time when the witness was using addictive drugs, and so the witness may have an impaired memory of those events. And a witness who has been promised immunity from prosecution or witnesses who hope to gain more favorable treatment in [his] [or] [her] own case may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

15

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

16

**Stipulation**

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the Government and the Defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

**B8**
**Introduction to Offense Instructions**

The superseding indictment charges seven separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count 1 charges that the Defendant knowingly and willfully conspired to possess with intent to distribute a controlled substance, namely a mixture and substance containing a detectable amount of furanyl fentanyl that was intended for human consumption, and that the furanyl fentanyl possessed resulted in the death of the user, M.C.; that is, that the furanyl fentanyl was a but-for cause of the death of M.C. I will give you specific instructions on the law governing conspiracy in a moment.

Count 2 charges that the Defendant knowingly and intentionally distributed a controlled substance, namely a mixture and substance containing a detectable amount of furanyl fentanyl that was intended for human consumption, and that the furanyl fentanyl distributed resulted in the death of the user, M.C.; that is, that the furanyl fentanyl was a but-for cause of the death of M.C. I will give you specific instructions on the law governing this offense in a moment.

Count 3 charges that the Defendant knowingly and intentionally attempted to possess with intent to distribute a controlled substance, namely a mixture and

substance containing a detectable amount of acetyl fentanyl.  I will give you specific instructions on the law governing this offense in a moment.

Count 4 charges that the Defendant knowingly possessed on or more firearms in furtherance of a drug trafficking crime as set forth in Count 3.  I will give you specific instructions on the law governing this offense in a moment.

Count 5 charges that the Defendant knowingly and intentionally possess with intent to distribute a controlled substance, namely a mixture and substance containing a detectable amount of Oxycodone. I will give you specific instructions on the law governing this offense in a moment.

Count 6 charges that the Defendant knowingly possessed on or more firearms in furtherance of a drug trafficking crime as set forth in Count 5.  I will give you specific instructions on the law governing this offense in a moment.

Count 7 charges that the Defendant knowingly and willfully conspired to possess with intent to distribute a controlled substance, namely a mixture and substance containing a detectable amount of Hydrocodone and a mixture and substance containing a detectable amount of Oxycodone. I will give you specific instructions on the law governing this offense in a moment.

**(Count 1)**
**(furanyl fentanyl)**
**O100**
**Controlled Substances: Conspiracy**
**21 U.S.C. § 846**

Title 21 United States Code Section 841(a)(1) makes it a crime for anyone to knowingly possess furanyl fentanyl with intent to distribute it.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all of the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

In Addition, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or that they all be tried together in one proceeding.

The Defendant can be found guilty only if all the following facts are proved beyond a reasonable doubt:

(1) two or more people in some way agreed to try to accomplish a shared and unlawful plan to possess a controlled substance;

(2) the Defendant, knew the unlawful purpose of the plan and willfully joined in it; and

(3) the object of the unlawful plan was to possess with the intent to distribute a controlled substance.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan -- and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

To find the Defendant guilty of possession with the intent to distribute a controlled substance resulting in death you must find that the controlled substance distributed by the Defendant was a but-for cause of M.C.'s death.

There is no requirement that the Government prove that the Defendant knew he was possessing with intent to distribute a particular kind of controlled substance.

In this case, the Defendant and the Government have stipulated that at all times material to this case, furanyl fentanyl was a controlled substance analogue that was intended for human consumption. You must accept the stipulation as fact to be given whatever weight you choose.

There is no requirement that the Government prove that the Defendant intended to cause M.C.'s death or that the Defendant knew or should have known that he was exposing M.C. to death when he distributed the controlled substance to M.C. If you find beyond a reasonable doubt that the defendant distributed a controlled substance that later resulted in M.C.'s death, then the Defendant is responsible even though he did not intend that M.C. die.

(Count 2)
(furanyl fentanyl)
O98
Controlled Substances:  Distribution of a
Controlled Substance Resulting in Death
21 U.S.C. § 841(a)(1)

It's a Federal crime for anyone to distribute a controlled substance.

Furanyl Fentanyl is "controlled substance."

The Defendant is charged with distributing a mixture or substance containing a detectable amount of furanyl fentanyl which resulted in the death of M.C.

The Defendant can be found guilty of this crime only if the following facts are proved beyond a reasonable doubt:

(1)   that the Defendant knowingly distributed a controlled substance, and

(2)   that the death of M.C. resulted from that distribution.

To "distribute" a controlled substance is to deliver possession of a controlled substance to someone else, even if nothing of value is exchanged.

To find the Defendant guilty of distribution of a controlled substance resulting in death you must find that the controlled substance distributed by the Defendant was a but-for cause of M.C.'s death.

There is no requirement that the Government prove that the Defendant knew he was distributing a particular kind of controlled substance.   Rather, the Government must only prove that the Defendant knew he was distributing a controlled substance.

Rather, the Government must only prove that the Defendant knew he was possessing with intent to distribute a controlled substance.

In this case, the Defendant and the Government have stipulated that at all times material to this case, furanyl fentanyl was a controlled substance analogue that was intended for human consumption. You must accept the stipulation as fact to be given whatever weight you choose.

There is no requirement that the Government prove that the Defendant intended to cause M.C.'s death or that the Defendant knew or should have known that he was exposing M.C. to death when he possessed with intent to distribute the controlled substance. If you find beyond a reasonable doubt that the defendant distributed a controlled substance that later resulted in M.C.'s death, then the Defendant is responsible even though he did not intend that M.C. die.

**(Count 3)**
**S11**
**Attempt**

In some cases, it's a crime to attempt to commit an offense – even if the attempt fails. In this case the Defendant is charged in Count 3 with attempting to possess with intent to distribute a controlled substance.

The Defendant can be found guilty of attempting to possess with intent to distribute a controlled substance only if both of the following facts are proved beyond a reasonable doubt:

<u>First</u>: That the Defendant knowingly intended to possess with intent to distribute a controlled substance; and

<u>Second</u>: The Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.

A "substantial step" is an important action leading up to committing of an offense -- not just an inconsequential act. It must be more than simply preparing. It must be an act that would normally result in committing the offense.

**(Count 3)**
**(Acetyl Fentanyl)**
**O98**
**Controlled Substances –**
**Possession with Intent to Distribute**
**21 U.S.C. § 841(a)(1)**

It's a Federal crime for anyone to attempt to possess a controlled substance with intent to distribute it.

Acetyl Fentanyl is a "controlled substance."

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly attempted to possess a controlled substance; and

(2) the Defendant intended to distribute the controlled substance.

To "intend to distribute" is to plan to deliver possession of a controlled substance to someone else, even if nothing of value is exchanged.

**(Counts 4 and 6)**
**O35.3**
**Possessing a Firearm in Furtherance of a**
**Drug-Trafficking Crime**
**18 U.S.C. § 924(c)(1)(A)**

It's a separate Federal crime to possess a firearm in furtherance of a drug trafficking crime.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)    that the Defendant committed the drug-trafficking crime charged in Counts 3 or 5; and

(2)    that the Defendant knowingly possessed a firearm in furtherance of that crime, as charged in the indictment.

A "firearm" is any weapon designed to or readily convertible to expel a projectile by the action of an explosive. The term includes the frame or receiver of any such weapon or any firearm muffler or silencer.

To "possess" a firearm is to have direct physical control of the firearm or to have knowledge of the firearm's presence and the ability and intent to later exercise control over the firearm.

Possessing a firearm "in furtherance of" a crime means that the firearm helped, promoted, or advanced the crime in some way.

**(Count 5)**
**(Oxycodone)**
**98**
**Controlled Substances –**
**Possession with Intent to Distribute**
**21 U.S.C. § 841(a)(1)**

It's a Federal crime for anyone to possess a controlled substance with intent to distribute it.

Oxycodone is a "controlled substance."

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly possessed a controlled substance; and

(2) the Defendant intended to distribute the controlled substance.

To "intend to distribute" is to plan to deliver possession of a controlled substance to someone else, even if nothing of value is exchanged.

**(Count 7)**
**(Hydrocodone and Oxycodone)**
**O98**
**Controlled Substances –**
**Possession with Intent to Distribute**
**21 U.S.C. § 841(a)(1)**

It's a Federal crime for anyone to possess a controlled substance with intent to distribute it.

Hydrocodone and Oxycodone are "controlled substances."

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly possessed a controlled substance; and

(2) the Defendant intended to distribute the controlled Substance

To "intend to distribute" is to plan to deliver possession of a controlled substance to someone else, even if nothing of value is exchanged.

The law recognizes several kinds of possession. A person may have actual possession, constructive possession, sole possession, or joint possession.

"Actual possession" of a thing occurs if a person knowingly has direct physical control of it.

"Constructive possession" of a thing occurs if a person doesn't have actual possession of it, but has both the power and the intention to take control over it later.

"Sole possession" of a thing occurs if a person is the only one to possess it.

"Joint possession" of a thing occurs if two or more people share possession of it.

The term "possession" includes actual, constructive, sole, and joint possession.

17

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

18

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

[The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that [his] [her] conduct may be violating.]

10

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

11

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

12

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

13