UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:  17-80203-cr-DIMITROULEAS/MATTHEWMAN

UNITED STATES OF AMERICA,

vs.

JOHNNY BENJAMIN, JR., MD,
                           Defendant.
_____/

## **DEFENDANT'S OBJECTIONS TO THE PSI**

The Defendant, Johnny Benjamin, hereby files the following objections to the PSI.

### ADJUSTMENT FOR ROLE IN THE OFFENSE

In paragraph 47, the PSI describes the Defendant as "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive" and increases his guideline score by four points citing 3.B1.1(a). According to the probation office this enhancement was based on the activity involving the fraudulent prescriptions of Oxycodone written by Defendant as charged in Count 7. This enhancement is misplaced.

The uncontradicted testimony at trial by all participants in the prescription scheme was that Zachary Stewart recruited them, set the date and time for the trip, arranged their transportation to Vero Beach, gave them the money necessary to

have the prescriptions filled, and selected the pharmacy where the scripts were filled. None of the "patients" ever met the Defendant or were able to identify him. Stewart testified that the cash for the prescriptions came from the Defendant, but otherwise offered no evidence that Defendant directed him when, or how often, to bring "patients" to Vero to be provided scripts. The evidence clearly established that Zachary Stewart alone made the decision of who to draft as a "patient".

The Defendant does not contest the enhancement under 3.B1.3 for use of a special skill in paragraph 45. However, the facts of the case do not support an additional enhancement under 3.B1.1(a).

## ADJUSTMENT FOR OBSTRUCTION OF JUSTICE

Paragraphs 40 and 45 of the PSI add an enhancement for obstruction or perjury pursuant to 2.D1.1(b)(15)(D). According to the PSI "Benjamin went to trial, during which he provided false testimony. During direct examination, Benjamin denied signing the fraudulent prescriptions, denied knowingly accepting a bag of acetyl fentanyl from Stewart, and denied taking the bag of pills to the Melbourne airport. Benjamin stated he was not guilty of the crimes of which he was accused. Further, Benjamin maintained the pills were placed in his luggage by Zachary Stewart." For that, Benjamin received a two level enhancement. We object.

First, an enhancement under 2.D1.1(b)(15)(D) is only allowed if the defendant receives an enhancement under 3.B1.1(a). Since that enhancement was improper, this additional enhancement must also be stricken.

Secondly, while defendants do not have a constitutional right to commit perjury, *United States v. Dunnigan*, 507 U.S. 87 (1992), neither should the enhancement for perjury be applied "in some wooden or reflex fashion" upon a finding of guilt. In order to apply this enhancement, the sentencing court "must review the evidence and make independent findings necessary to establish a willful impediment to, or obstruction of, justice, or an attempt to do the same…" Id. at 93.

According to the PSI the Defendant "denied signing the fraudulent prescriptions, denied filling out the prescriptions, denied knowingly accepting a bag of acetyl fentanyl from Stewart, and denied taking the bag of pills to the Melbourne airport.  Benjamin stated he was not guilty of the crimes of which he was accused." That is exactly what Dr. Benjamin did: he took the stand and denied his guilt before the jury. He repeated the same denial of guilt contained in his plea of "Not Guilty" at arraignment. Simply because the jury rejected that assertion does not make him guilty of perjury or obstruction. In fact, he conceded during cross-examination that the writing and signature on the prescriptions appeared similar to his own.

As additional support for this enhancement the PSI also stated, "Further, Benjamin maintained the pills were placed in his luggage by Zachary Stewart." In actuality, Benjamin declined to name the person he suspected of planting the drugs in his backpack.

## CONCLUSION

The Defendant should not receive the four point adjustment for being an organizer/leader involving five or more participants. He should not receive the two point enhancement for obstruction. His total offense level should be 40.

Respectfully Submitted,

*s/Donnie Murrell*
**DONNIE MURRELL, ESQUIRE**
**FLORIDA BAR NO: 326641**
400 Executive Center Drive
Suite 201—Executive Center Plaza
West Palm Beach, FL 33401
Telephone: 561.686.2700
Facsimile: 561.686.4567
Email: ldmpa@bellsouth.net
Attorney for Defendant Benjamin

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 19, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via

transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

**U.S.A. vs. JOHNNY BENJAMIN, JR., MD**
**CASE NO: 17-80203-cr-DIMITROULEAS/MATTHEWMAN**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

John C. McMillan, Esq.
John.McMillan@usdoj.gov
United States Attorney's Office
500 South Australian Avenue
Suite 400
West Palm Beach, FL 33401
Telephone: 561.820.8711
Facsimile: 561.820.8777
Attorney for Plaintiff, USA
Via Notice of Electronic Filing
Generated by CM/ECF

Rolando Garcia, Esq.
Rolando.Garcia@usdoj.gov
United States Attorney's Office
500 South Australian Avenue
Suite 400
West Palm Beach, FL 33401
Telephone: 561.820.8711
Facsimile: 561.820.8777
Attorney for Plaintiff, USA
Via Notice of Electronic Filing
Generated by CM/ECF