UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-80203-Cr-DIMITROULEAS(s)

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JOHNNY CLYDE BENJAMIN, JR., et al.,

        Defendants.
_____/

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S OBJECTIONS TO THE
PRESENTENCE INVESTIGATION REPORT (DE 125)**

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney and hereby submits for the Court and United States Probation Officer's consideration in sentencing the instant Government's Response to Defendant's Objections to the Presentence Investigation Report (PSI)(DE 125). In support thereof, the government avers as follows:

**I.  GOVERNMENT'S RESPONSE**

    **A.  Defendant's Objection to Paragraph 47 – Role in the Offense**

Defendant, thorough counsel objects to Paragraph 47 of the Presentence Investigation

1

Report (PSI), which provides for a four level increase pursuant to Section 3B1.1(a)1 of the United States Sentencing Guidelines on the basis that:

> The uncontradicted testimony at trial by all participants in the prescription scheme was that Zachary Stewart recruited them, set the date and time for the trip, arranged their transportation to Vero Beach, gave them the money necessary to have the prescriptions filled, and selected the pharmacy where the scripts were filled. None of the "patients" ever met the Defendant or were able to identify him. Stewart testified that the cash for the prescriptions came from the Defendnat, but otherwise offered no evidence that the Defendant directed him when, or how often, to bring "patients" to Vero to be provided scripts.  The evidence clearly established that Zachary Stewart alone made the decision of who to draft as a "patient."

(DE 125, at 1-2).   It is respectfully submitted that this objection is without merit and the upward adjustment properly applied for the following reasons:

First, the United States would respectfully adopt and incorporate herein by reference the well-reasoned response of the United States Probation Officer on this issue, set forth at DE 131-1, at 2.

Second, Commentary Application Note 4 to USSG § 3B1.1, provides guidance to the Court in this area, stating:

> Factors that the court should consider include [1] the exercise of decision making authority, [2] the nature of participation in the commission of the offense, [3] the recruitment of accomplices, [4] the claimed right to a larger share of the fruits of the crime, [5] the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and [6] the degree of control and authority exercised over others.

---

1 Section 3B1.1("Aggravating Role") provides for a four (4) level upward adjustment in the defendant's guidelines "(a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 4B1.1(a).

USSG § 3B1.1 comment. (n.4). It is submitted that under such criteria, defendant Benjamin clearly functioned as an "organizer or leader." First, while Stewart may indeed have exercised some decision making as to who to select to fill the prescriptions, or which pharmacy to take them to, it was Benjamin -- and Benjamin alone -- who recruited Stewart, and Benjamin wo determined whether Stewart – or any of Stewart's sub-recruits – were able to get a single prescription, and equally important, the quantity and nature of the controlled substance for which the prescription would be written.

Second, as to the "nature of participation in the commission of the offense," Stewart had no control over the quantity and type of substance prescribed, but rather functioned as a cut-out for Benjamin, precisely so Benjamin would never have to meet any of his subordinates. It is submitted this is the very essence of a supervisorial relationship, whereby the leader (Benjamin) directs the overall plan, enjoys the fruits of the scheme, but need not sully himself by contact with those who work on his behalf.

Third, as to "the recruitment of accomplices," again, while Stewart may indeed have recruited Slater, CS, MG, and JQN, *it was Benjamin who recruited Stewart*. Indeed, it is submitted that the evidence adduced at trial indicates that Stewart would have had no reason to recruit those persons but for the obligation he felt to, and control exercised by, Benjamin over him.

Fourth, it is submitted the most telling indicator as to Benjamin's role as the ultimate leader of the organization was his "claimed right to a larger share of the fruits of

the crime." Simply put, Benjamin wrote the prescriptions so that he – and he alone – would receive back the pills from Stewart for his (Benjamin's) personal profit. There is no evidence or testimony that Stewart profited from the pills scheme himself at all, except to the extent that he perceived his debt to Benjamin to be thereby decreased. The "straw patients" received no profit for their labors on Benjamin's behalf, but for, in some instances, a few pills amidst the hundreds returned to Benjamin for his exclusive profit.

As to the fifth and sixth factors, "the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity," and "the degree of control and authority exercised over others" it bears mentioning again that Benjamin was *sole person* who could and did *control* when and if a prescription was issued, and if so, for what quantity and type of controlled substance.

### B. Defendant's Objection to Paragraphs 40 and 45 – Obstruction

In response to this objection, the government again adopts the well-reasoned response of the United States Probation Officer set forth at DE 131-1, at 2, including the argument that should this Honorable Court find the USSG § 2D1.1(b)(15)(D) upward adjustment inapplicable, that the obstruction adjustment is nonetheless warranted under USSG § 3C1.1.

The guidelines themselves plainly state in this regard that "[t]his provision is not intended to punish a defendant for the exercise of a constitutional right" and that "[a] defendant's denial of guilt (other than a denial of guilt under oath that constitutes perjury)

4

. . . is not a basis for application of this provision." USSG § 3C1.1 comment. (n.2)(emphasis added). Where, as here, however, the false material statements were consciously and entirely made under oath, during trial, they are specifically identified and recommended to the Court as grounds for the upward adjustment. USSG § 3C1.1 comment. (n.4(B)). Simply put, were it to be otherwise, it is respectfully submitted that the taking of an oath would be rendered entirely meaningless.

For the foregoing reasons, it is submitted defendant's objection to the obstruction adjustment is similarly without merit and should be denied.

    Respectfully submitted,

    BENJAMIN G. GREENBERG
    UNITED STATES ATTORNEY

BY:    s/ *John C. McMillan*
    JOHN C. McMILLAN
    ASSISTANT UNITED STATES ATTORNEY
    Admin. No. A5500228
    500 S. Australian Ave., Suite 400
    West Palm Beach, FL 33401
    Office:   (561) 820-8711
    FAX:    (561) 820-8777
    Email: John.McMillan@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 3, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. According to the Court's website, counsel for all parties are able to receive notice via the CM/ECF system.

By:   / s/ *John C. McMillan*
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY